Case 1:05-cv-02699-RLE Document 43 Filed 12/02/2008 Page 1 of 4

07-1794-cv
Marchisotto v. The City of New York

MANDATE

SDNY/NYNY
05-cv-2699
Ellis

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/ ). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the seventh day of November, two thousand and eight.

PRESENT:

    JOSÉ A. CABRANES,
    PETER W. HALL,
                      *Circuit Judges,*
    JOHN GLEESON,
                      *District Judge.*[*]

-------x

JOHN F. MARCHISOTTO,

    *Plaintiff-Appellee,*

    -v.-                                                                                                   No. 07-1794-cv

THE CITY OF NEW YORK,

    *Defendant-Appellant,*

THE NEW YORK CITY POLICE DEPARTMENT and CARLA HOLLYWOOD,

    *Defendants.*[**]

-------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 0 2 2008

---

[*] The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

[**] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

1

ISSUED AS MANDATE: DEC 0 1 2008

| | |
|---|---|
| **FOR PLAINTIFF-APPELLEE:** | DAVID M. FISH, New York, NY. |
| **FOR DEFENDANT-APPELLANT:** | ELIZABETH S. NATRELLA, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel of the City of New York, *on the brief*, Leonard Koerner, *on the brief*), Law Department of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Ronald L. Ellis, *Magistrate Judge*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Defendant-appellant City of New York appeals from a judgment entered in favor of plaintiff-appellee John F. Marchisotto for $300,000 in this action for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the New York City Human Rights Law, Administrative Code §§ 8-101 *et seq.* The City argues that the District Court should have granted its Rule 59(a) motion for a new trial or, in the alternative, either granted (1) its Rule 59(a) motion for a new trial on damages only or (2) its Rule 59(e) motion to amend the judgment by reducing the amount of damages awarded. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

The City argues that it was entitled to a new trial in light of several alleged errors made by the District Court—namely, (1) permitting the jury to consider the removal of Marchisotto's firearms and his referral to the Psychological Services Unit ("PSU") as a basis for the retaliation claim; (2) admitting Marchisotto's testimony concerning the seizure of the weapons from his home even though it was needlessly inflammatory; (3) excluding evidence of prior referrals of Marchisotto to the PSU; (4) excluding evidence of Marchisotto's work history, including negative performance evaluations and complaints of retaliation that he filed against previous supervisors; and (5) permitting plaintiff's counsel to suggest during summation that Marchisotto never had any problems with his previous supervisors.

Pursuant to Rule 61 of the Federal Rules of Civil Procedure, "[u]nless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial. . . . At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Applying this standard, we have held that "an evidentiary error in a civil case is harmless unless the appellant demonstrates that it is likely that in some material respect the factfinder's judgment was swayed by the error." *Tesser v. Bd. of Educ.*, 370 F.3d 314, 319 (2d Cir. 2004) (internal quotation marks and brackets omitted). The City has failed to carry its burden of showing that its "substantial rights" were affected by any of the alleged errors listed above.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the referral of this action to a magistrate judge for "any or all proceedings."

First, we see no error in the District Court's decision to permit the jury to conclude that either the removal of Marchisotto's firearms or his referral to the PSU constituted an adverse action, even though the only adverse actions alleged in Marchisotto's complaint were his reassignment to the records room, denial of promotions, and negative performance evaluations, Compl. ¶¶ 39-42. The evidence introduced at trial showed that the removal of the firearms and the PSU referral could also constitute adverse actions, and the City did not object to the introduction of that evidence at trial on the grounds that it was not pleaded in the complaint, nor did it request a continuance in order to develop a response to that evidence. On appeal, the City has not demonstrated any prejudice arising from the introduction of this evidence, even though it was not pleaded in the complaint, and we therefore see no error in its admission. *See Jund v. Hempstead*, 941 F.2d 1271, 1287 (2d Cir. 1991) ("[H]ad a strong objection to [plaintiff's] failure to amend the complaint been raised, [plaintiff] could have amended his complaint because the claims arise out of the scheme that was the focus of the pleadings, the claims are directly related to the earlier violation, and there was no undue prejudice to the defendants." (citing Fed. R. Civ. P. 15(b)); *cf. United States v. Andrews*, 381 F.2d 377, 378 (2d Cir. 1967) ("If . . . appellant nevertheless was surprised by the Government's evidence, his proper remedy would have been to seek a continuance at the time when the evidence that surprised him was revealed."); *SEC v. Happ*, 392 F.3d 12, 21 (1st Cir. 2004) (finding no error where facts "prove[n] at trial w[ere] not substantially and materially different from what [was] alleged in [the] complaint"). We also agree with the District Court that "there was sufficient evidence introduced to support Marchisotto's contention that he had complained verbally prior to the removal of his firearms [and referral to the PSU]." *Marchisotto v. City of New York*, No. 05 Civ. 2699, 2007 U.S. Dist. LEXIS 27046, at *24 (S.D.N.Y. Apr. 11, 2007).

Second, Marchisotto's testimony that certain officers acted aggressively when they seized firearms from his home, regardless of whether it was properly admitted, was far too immaterial to sway the judgment of the jury.

Third, evidence of the prior referrals of Marchisotto to the PSU were properly excluded by the District Court because, as Magistrate Judge Ellis explained "[t]he fact there was an adverse employment decision in the past doesn't implicate [the adverse employment action at issue in the litigation.] . . . If [defendants] have legitimate business reasons for whatever happened to him this time, [defendants] don't need to . . . show[ ] that [he was previously referred to the PSU]." Tr. 26:3-14. Nor were those referrals competent evidence of Marchisotto's mental health in light of the City's failure to show the significance of those referrals or the notes they generated—that is, the City could not say whether they constituted "prior psychological treatment" or a "psychological diagnosis" as opposed to routine employment counseling. Tr. 24:14-25:20, 26:25-27:6.

Fourth, with respect to Marchisotto's alleged pattern of filing claims of retaliation after receiving negative performance evaluations, we see no error in the District Court's decision to admit that evidence only for the limited purpose of showing its influence on defendants' decision to reassign Marchisotto. Had the performance evaluations and claims of retaliation been admitted to show a pattern of baseless retaliation allegations by Marchisotto, the trial would have been needlessly diverted by collateral matters. As the District Court explained, "[the parties] would have to go through each of those incidents, [and] we would have to hear each side of the story. . . . We will have to go into each of the incidents and see why [Marchisotto] thought it was retaliation. We have to try each of those cases." Tr. 29:19-24. Instead, the District Court permitted defendants to refer to Marchisotto's prior performance evaluations

3

and retaliation claims for the purpose of indicating "what impact [they] had on [the decision to reassign Marchisotto]" without describing the details of "all those prior matters or whether they were true or false." Tr. 189:15-17. We see no error whatsoever in this evidentiary ruling.

Fifth, we agree with the City that it was improper for plaintiff's counsel to imply on summation that Marchisotto had never had problems with his previous supervisors. *See* Tr. 361:15-17 ("[Marchisotto] had [previous] supervisors. He had supervisors in his career. This wasn't the first supervisor he met."). This isolated statement, while misleading, was not so prejudicial that it "depriv[ed] the [City] of a fair trial." *Mileski v. Long Island R. R. Co.*, 499 F.2d 1169, 1171 (2d Cir. 1974).

Accordingly, the City has failed to show that these alleged errors—either individually or in aggregate—were likely to have swayed the judgment of the jury in any "material respect." *Tesser*, 370 F.3d at 319 (2d Cir. 2004). Having failed to carry its burden, the City is not entitled to a new trial, and the District Court properly denied the City's motion seeking that relief.

The City also faults the District Court for denying (1) its Rule 59(a) motion for a new trial on damages only and (2) its Rule 59(e) motion to amend the judgment by reducing the amount of damages awarded.

The City argues that it is entitled to a new trial on damages because the District Court barred it from introducing notes relating to Marchisotto's prior referrals to the PSU. For the reasons stated above, that evidence was properly excluded by the District Court in light of the City's failure to demonstrate the meaning—let alone the relevance or the admissibility—of the concededly ambiguous notes arising from Marchisotto's referrals to the PSU.

Nor is the City entitled to a reduction of the damages awarded by the jury, that is, a remittitur. We review a district court's denial of remittitur for abuse of discretion, *Cross v. N.Y. City Transit Auth.*, 417 F.3d 241, 258 (2d Cir. 2005), and find none here. We see no basis to gainsay the determination of the District Court that "ample evidence of Marchisotto's severe emotional injuries, and the altering impact on his lifestyle and daily routine, presented at trial, [supported] the jury['s] . . . [determination] that $300,000 was the appropriate amount to compensate him for his injuries." *Marchisotto*, 2007 U.S. Dist. LEXIS 27046, at *37. We also see no error in the District Court's determination that the "jury's verdict [was] comparable to awards in other cases." *Id.* at *37-38 (collecting cases). We conclude therefore that the District Court properly denied the City's motions for a new trial on damages and for remittitur of the damages awarded.

Having considered all of the City's arguments on appeal and finding them without merit, we AFFIRM the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By /s/ _____

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
DEPUTY CLERK